IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RAYMOND DELEON, | § | |
|                Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:13-CV-015-Y |
| | § | |
| WILLIAM STEPHENS, Director,[1] | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
|                Respondent. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

#### I. FINDINGS AND CONCLUSIONS

##### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

##### B. PARTIES

Petitioner Raymond Deleon, TDCJ #1309746, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ), in Bridgeport, Texas.

Respondent William Stephens is the Director of TDCJ.

---

[1] Effective June 1, 2013, William Stephens succeeded Rick Thaler as the Director of the Correctional Institutions Division of the Texas Department of Criminal Justice. Pursuant to Rule 25 of the Federal Rules of Civil Procedure, Director Stephens "is automatically substituted as a party." FED. R. CIV. P. 25(d).

C. Factual and Procedural History

Petitioner is serving a 10-year sentence on his 2005 state court conviction for retaliation in Madagorda County, Texas, cause number 04-269. (Pet'r Declaration at 005) The Texas Board of Pardons and Paroles (the Board) has denied petitioner release to mandatory supervision on more than one occasion under Texas Government Code § 508.149(b).[2] In this petition, petitioner challenges the Board's denial of mandatory supervision release in June 2012. (Pet'r Reply at 2) Petitioner asserts the Board denied release based on the same following reasons it denied release in 2011:

9D1. The record indicates that the inmate's accrued good conduct time is not an accurate reflection of his potential for rehabilitation.

9D2. The record indicates that the inmate's release would endanger the public.

2D. The record indicates that the inmate committed one or more violent criminal acts indicating a conscious disregard for the lives, safety, or property of others; or the instant offense or pattern of criminal activity has elements of brutality, violence, or conscious selection of victim's vulnerability such that the inmate poses an undue threat to the public; or the record indicates use of a weapon.

(Pet'r Declaration at 002-003)

D. Issues

Petitioner raises two grounds in which he claims (1) the Board's decision under § 508.149(b) is not supported by the record and (2) § 508.149(d), providing "[a] determination under Subsection

---

[2]Section 508.149(b) provides:

(b) An inmate may not be released to mandatory supervision if a parole panel determines that:
(1) the inmate's accrued good conduct time is not an accurate reflection of the inmate's potential for rehabilitation; and
(2) the inmate's release would endanger the public.

Tex. Gov't Code Ann. § 508.149(b) (West 2012).

2

(b) is not subject to administrative or judicial review," infringes on his right to petition the courts, unconstitutionally suspends the writ of habeas corpus, and violates the separation of powers clause. (Pet. at 7; Pet'r Mem. at 2-10)

### E. RULE 5 STATEMENT

Respondent asserts petitioner has failed to exhaust his state remedies as required by 28 U.S.C. § 2254(b), (c) and requests dismissal of the petition without prejudice. (Resp't Ans. at 4-11) Petitioner claims that he presents the issues herein for the first time because the decision by the board to deny mandatory supervision is not subject to administrative or judicial review under § 508.149(d) and that, because there is an "absence of available state remedies," pursuing relief in the state courts would be futile. (Pet'r Reply at 3)

### F. EXHAUSTION

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). This entails submitting the factual and legal basis of any claim to the highest available state court for review. *Carter v. Estelle,* 677 F.2d 427, 443 (5th Cir. 1982), *cert. denied,* 460 U.S. 1056 (1983). Thus, a Texas prisoner must present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review or, as in this case, an application for writ of habeas corpus under article 11.07 of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2012); *Bautista v. McCotter,* 793 F.2d 109, 110 (5th Cir. 1986); *Richardson v. Procunier,* 762 F.2d 429, 432 (5th Cir. 1985).

Petitioner argues he could not have presented his claims in an article 11.07 application for writ of habeas corpus because § 508.149(d) of the Texas Government Code states that a decision to deny mandatory supervision is not subject to judicial review. TEX. GOV'T CODE ANN. § 508.149(d).

However, under Texas case law, it appears that although the decision to release is within the sound discretion of the Board, complaints regarding the "process" and the denial of constitutional or statutory rights in consideration of release may be raised by way of writ of habeas corpus under article 11.07. *Ex parte Geiken*, 28 S.W.3d 553, 556-57 (Tex. Crim. App. 2000) (addressing reviewability of Board's decision to deny mandatory supervision in light of § 508.149(d)).

Respondent correctly asserts that the claims raised in this federal petition have not been properly exhausted in state court. Nor has petitioner demonstrated that there is no available corrective process in state court or that there are circumstances that render such process ineffective. 28 U.S.C. § 2254(b)(1)(B). Accordingly, petitioner must first pursue his claims by way of a state application for writ of habeas corpus. Only after state habeas corpus proceedings are concluded may he challenge the Board's denial of mandatory supervision release by way of federal petition pursuant to 28 U.S.C. § 2254.

## II. RECOMMENDATION

Based on the foregoing, it is recommended that petitioner's petition should be DISMISSED without prejudice for failure to exhaust his state court remedies as required by § 2254(b), (c) .

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and

recommendation until July __2__, 2013. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until July __2__, 2013, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED June __11__, 2013.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE