IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| RAYMOND DELEON § | |
| § | |
| VS. § | CIVIL ACTION NO.4:13-CV-015-Y |
| § | |
| WILLIAM STEPHENS, § | |
| Director, T.D.C.J. § | |
| Correctional Institutions Div. § | |

ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS
AND ORDER DENYING CERTIFICATE OF APPEALABILITY

In this action brought by petitioner Raymond DeLeon under 28 U.S.C. § 2254, the Court has made an independent review of the following matters in the above-styled and numbered cause:

1. The pleadings and record;

2. The proposed findings, conclusions, and recommendation of the United States magistrate judge filed on June 11, 2013; and

3. The petitioner's written objections to the proposed findings, conclusions, and recommendation of the United States magistrate judge filed on July 2, 2013.

The Court, after **de novo** review, concludes that the petitioner's objections must be overruled, and that the petition for writ of habeas corpus should be dismissed for failure to exhaust state remedies, for the reasons stated in the magistrate judge's findings and conclusions.

Deleon has also filed a motion for leave to amend his petition under 28 U.S.C. § 2254, seeking to file an amended petition for writ of habeas corpus under 28 U.S.C. § 2254 that slightly re-states his second ground for relief. In that ground, DeLeon challenges the 2012 denial of release to mandatory supervision on the basis of a "Fourteenth Amendment to the Federal Constitution (Procedural Due Process) Violation (Opportunity to be Heard Denial) [sic]." (§ 2254 Petition at § 20(B)). Although Deleon's proposed

amended petition would eliminate the claim that the mandatory supervision statute "denies petitioner's right to petition the courts for redress,"[1] such amendment would not change the Court's determination that Deleon's § 2254 petition must be dismissed for failure to exhaust state-court remedies. In this regard, "even though the Board [of Pardons and Paroles]'s decision to deny mandatory supervision parole is within its sound discretion, complaints regarding the denial of constitutional or statutory rights in consideration of parole may be raised by way of habeas corpus under article 11.07."[2] Thus, as even the amended petition asserts constitutional challenges to the manner in which the mandatory supervision statute was applied to DeLeon, the motion for leave to amend must be denied.

Therefore, the findings, conclusions and recommendation of the magistrate judge are ADOPTED.

Petitioner Raymond DeLeon's motion for leave to amend (doc. 16) is DENIED.

Petitioner DeLeon's petition for writ of habeas corpus is DISMISSED WITHOUT PREJUDICE, except as to any application of the federal statute of limitations or other federal procedural bar that

---

[1] DeLeon's full second ground for relief recites: "The relevant mandatory supervision statute operates to suspend the writ of habeas corpus, violates the separation of power's doctrine and denies petitioner's rights to petition the courts for redress as said statute prohibits Petitioner from challenging (judicial review) whether the 'TBPP' said deprivation is arbitrary." (§ 2254 Petition § 20(B)).

[2] *Gilbert v. Dretke,* No.3:02-CV-1792-L, 2004 WL 1809741, at *3 (N.D. Tex. Aug. 12, 2004)(citing *Ex parte Geiken,* 28 S.W. 3d 553, 556-57 (Tex. Crim. App. 2000))*rep. and rec. adopted,* 2004 WL 1944020 (N.D. Tex. Aug. 31,2004)(Lindsay, J); *see also Hess v. Stephens,* No.4:13-CV-093-A, 2013 WL 3204373, at *1 (N.D. Tex. June 24, 2013)(McBryde, J).

may apply.[3]

*Certificate of Appealability*

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253.[4] Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."[5] The COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."[6] A petitioner satisfies this standard by showing "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further."[7]

Upon review and consideration of the record in the above-referenced case as to whether petitioner DeLeon has made a showing that reasonable jurists would question this Court's rulings, the Court determines he has not and that a certificate of appealability should not issue for the reasons stated in the June 11, 2013, Findings, Conclusions, and Recommendation of the United States

---

[3] A one-year statute of limitations is applicable to the filing of non-capital § 2254 habeas corpus petitions in federal court. *See* 28 U.S.C.A. § 2244(d)(1-4)(West 2006). The statute of limitations is tolled, however, while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C.A. § 2244(d)(2)(West 2006).

[4] *See* Fed. R. App. P. 22(b).

[5] RULES GOVERNING SECTION 2254 PROCEEDINGS IN THE UNITED STATES DISTRICT COURTS, RULE 11(a) (December 1, 2009).

[6] 28 U.S.C.A. § 2253(c)(2)(West 2006).

[7] *Miller-El v. Cockrell,* 537 U.S. 322, 326 (2003)(citing *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

3

Magistrate Judge.[8]

Therefore, a certificate of appealability should not issue.

SIGNED July 9, 2013.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[8] *See* Fed. R. App. P. 22(b); *see also* 28 U.S.C.A. § 2253(c)(2)(West 2006).

4